IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31021
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEO MCKINNEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CR-20-ALL
--------------------
June 7, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Leo McKinney appeals from the judgment entered after a jury found him guilty of two counts of distribution of cocaine base.

McKinney argues that the district court erred by enhancing his sentence two offense levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice based on false testimony he gave at trial. Because he did not object to this enhancement in the district court, we review for plain error only. See United States v. Huerta, 182 F.3d 361, 366 (5th Cir. 1999), cert. denied, 120 S. Ct. 1238 (2000). In light of the corroborated trial testimony

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Montague Washington, which flatly contradicted McKinney's testimony, we perceive no error--plain or otherwise--in the district court's imposition of § 3C1.1's two-level enhancement. See United States v. Laury, 985 F.2d 1293, 1308-09 (5th Cir. 1993). Furthermore, despite McKinney's pleas, we are not free to adopt a more forgiving standard governing the § 3C1.1 enhancement for perjury at trial. See United States v. Gourley, 168 F.3d 165, 171 n.10 (5th Cir.) (noting that we are bound by the decisions of previous panels), cert. denied, 120 S. Ct. 72 (1999).

McKinney argues that the district court erred at sentencing in approving the presentence report's (i) computation of the drug quantity involved in his offense and (ii) imposition of a two-level adjustment pursuant to § 2D1.1(b)(1) for possession of a firearm. In imposing these sentencing enhancements, the district court properly relied on testimony it had heard at trial. See United States v. Hare, 150 F.3d 419, 425 (5th Cir. 1998). McKinney has not shown that the court's reliance on this testimony was clear error. See id.

AFFIRMED.